**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

REGINA WIMS,

    Plaintiff,

v.

                                          Case No. 3:23-cv-186-TJC-LLL

VITAS HEALTHCARE
CORPORATION and LINCOLN
FINANCIAL GROUP,

    Defendants.

## O R D E R

Plaintiff, Regina Wims, is suing her former employer, Vitas Healthcare Corp., and appears to be alleging she was improperly paid, treated differently than a white colleague, was not reasonably accommodated for her disability, and was wrongfully terminated. See Doc. 34.[1] Plaintiff is also suing Lincoln Financial Group and appears to allege that Lincoln improperly discontinued her short-term disability benefits. See Doc. 34. Defendants have both filed Motions to Dismiss, asserting various arguments, including that the Second Amended Complaint is an impermissible shotgun pleading. Weiland v. Palm Beach Cnty. Sheriff's Off., 792

---

[1] Plaintiff's "Second Amended Complaint" has been filed twice, Docs. 30 and 34. Both documents appear to be the same, with small differences in the exhibits. The differences do not materially impact this opinion.

F.3d 1313, 1323 (11th Cir. 2015) (citations omitted). The Court agrees the Second Amended Complaint is a shotgun pleading and must be dismissed.

The Court's order of August 29, 2023, Doc. 24, identified multiple problems with the proposed amended complaint, but these problems are not adequately corrected in or addressed by the Second Amended Complaint.[2] Even so, in recognition of Plaintiff's pro se status, Plaintiff will be allowed one additional chance to amend her complaint, but Plaintiff should not expect another chance after this one.

The Plaintiff may be helped by various resources intended to help people representing themselves without attorneys. These include the "Proceeding Without a Lawyer" section of the court's website at www.flmd.uscourts.gov/litigants-without-lawyers. The Jacksonville Chapter of the Federal Bar Association has a Legal Assistance Program and appointments may be made by calling the clerk's office at (904) 549-1900. A description of this program may be found on the court's website under the aforementioned "Proceeding Without a Lawyer" section. Also,

---

[2] Vitas Healthcare argues Plaintiff's Second Amended Complaint is Plaintiff's third attempt to properly plead her claims and should be dismissed with prejudice. Plaintiff's first attempt was the complaint filed in state, not federal, court. The second attempt was in response to the motions to dismiss filed by both defendants, Docs. 11 and 12, and prior to any Court ruling. Plaintiff has had only one chance to amend her complaint and respond to problems with the complaint identified by the Court.

2

the Jacksonville Area Legal Aid website offers self-help resources along with various events and clinics. www.jaxlegalaid.org.

Plaintiff should address all the problems identified in the court's prior order.[3] These include:

- Separate each claim. Doc. 24 at 3-4.

- Each separate claim must allege required elements for that claim. Doc. 24 at 3.

- Each separate claim should identify or include only the alleged facts associated with that claim.[4] Doc. 24 at 6.

- Plaintiff must clearly identify which Defendant is involved with each claim.[5] Doc. 24 at 5-6.

- Plaintiff must sue the correct entity (prior filings indicate Lincoln Financial Group is not the correct name for the defendant associated

---

[3] Although this Order and the prior order from Judge Lambert identify problems with Plaintiff's complaint, Plaintiff cannot rely on either order to advise plaintiff of all the issues with her second amended complaint or corrections that should be made.

[4] A common problem in a shotgun pleading is for each claim to include all prior paragraphs, even though not all the prior paragraphs relate to the claim. Plaintiff's Second Amended Complaint makes this error each time she "realleges and restates" all preceding paragraphs.

[5] In her Second Amended Complaint, First Cause of Action – Discrimination, Plaintiff parenthetically indicates the claim is against Vitas Healthcare Corporation. There should be a similar indication for each claim.

with any claim Plaintiff may have for short-term disability benefits). Doc. 24 at 6.[6]

Accordingly, it is hereby

**ORDERED:**

1. Defendant Vitas Healthcare Corporation's Motion to Dismiss Plaintiff's Second Amended (Doc. 31) is **GRANTED without prejudice.**

2. Defendant Lincoln Financial Group's Motion to Dismiss Plaintiff's Second Amended (Doc. 32) is **GRANTED without prejudice.**

3. Defendant Vitas Healthcare Corporation's Supplement to Defendant's Motion to Dismiss Plaintiff's Second Amended (Doc. 35) is **DENIED as moot.**

4. Wims has until **September 20, 2024,** to file an Amended Complaint. Defendants have until **October 11, 2024,** to file a response.

---

[6]Defendant Lincoln Financial Group's Motion to Dismiss Plaintiff's Second Amended Complaint represents that Plaintiff has consented to the dismissal of Lincoln Financial Group. Doc. 32 at 1. Footnote 1 states the insurance company that provided Plaintiff's short term disability benefits was Lincoln National Life Insurance Company.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of August, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

Counsel of record