UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINA WIMS,

    Plaintiff,

v.

                                          Case No. 3:23-cv-186-TJC-LLL

VITAS HEALTHCARE
CORPORATION,

    Defendants.

## **O R D E R**

**THIS CASE** is before the Court on Defendant Vitas Healthcare Corporation's Motion to Dismiss Plaintiff's Third Amended Complaint. Doc. 50.[1] Plaintiff, Regina Wims, is suing her former employer, Vitas Healthcare Corp., alleging problems during her employment and that she was improperly terminated. Doc. 44. The Court provided two opportunities to amend, including some information about the problems and how to fix them, basic pleading requirements, resources to help individuals who are representing themselves, and several extensions to amend the complaint. Docs. 24, 25, 29, 33, 38, 41, and 43. Plaintiff's Third Amended Complaint is revised, but relies on conclusory fact allegations, and corrects some, but not all, of the problems previously identified. Accordingly, the

---

[1] Defendant Lincoln Financial Group was previously dismissed with prejudice on plaintiff's motion (Doc. 47).

Court finds further opportunity for amendment would be futile and the case must be dismissed with prejudice.

The Third Amended Complaint has eight paragraphs of factual allegations, but they are conclusory.[2] Plaintiff claims she was "subjected to discriminatory practices, and wrongful termination" but does not describe any discriminatory actions other than alleging she was wrongfully terminated. See Doc. 44 ¶ 8. Plaintiff alleges her termination was based on race and disability but does not include any facts that race played a role in her termination and only has the conclusory allegation that she was terminated after asserting rights under the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA") while she was on short-term disability leave.[3] Doc. 44.

Of the six counts, four allege Plaintiff's termination was improper (Counts I, II, V, And VI). Count I alleges the termination violated 42 U.S.C. § 1983, but there is no allegation Vitas is a state actor and therefore it fails to state a § 1983 claim. Count II alleges the termination violated Florida law and public policy without details as to what law was violated or what about the termination violated Florida law, and therefore fails to state a claim. Count V alleges the termination was based

---

[2] Paragraph 10 alleges her termination was January 11, 2021. Based on other filings, the Court presumes the termination was on January 11, 2022.

[3] FCRA and ADA claims use the same analytical framework. Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255 (11th Cir. 2007).

on race, national origin and handicap in violation of the FCRA, but does not provide details to show a relationship between the termination and a protected characteristic. Being terminated while on leave might support a claim, but by itself is not sufficient to support a claim. Count VI alleges the termination was due to Plaintiff's disability and that Plaintiff was not provided reasonable accommodations but has no further details. The conclusory allegation, without more, is not sufficient to state a claim.

Count IV alleges intentional infliction of emotional distress, and states Defendant's conduct was outrageous, but does not rely on any specific facts. Wims's response mentions her termination was after her short-term leave and being embarrassed by an instruction from her manager to not contact a client. The termination and manager instruction are not sufficiently outrageous to meet the standard. See Mundy v. S. Bell Tel. and Tel. Co., 676 F.2d 502, 504-06 (11th Cir. 1982).

Count III alleges a violation of the Fair Labor Standards Act claiming Wims was not paid overtime. In her response, Wims alleges she was not paid for all hours worked, was not paid minimum wage, and complained about her pay. But, apart from the conclusory statement she was not paid overtime when she worked more than forty hours in a week, there is no support for an overtime claim, and only the overtime claim is in the Third Amended Complaint.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Vitas Healthcare Corporation's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 50) is **GRANTED.** The Third Amended Complaint is **dismissed with prejudice**.

2. The Clerk is directed to close the file and terminate any pending motions or deadlines.

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of April, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

4